UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 14-1316 PA (VBKx) | Date | February 25, 2014 |
|---|---|---|---|
| Title | Richard Carrell, et al. v. Fresenius USA, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendants Fresenius USA, Inc., Fresenius USA Manufacturing, Inc., Fresenius Medical Care Holdings, Inc., Fresenius Medical Care North America, Inc., Fresenius USA Marketing, Inc., and Ben Lipps (collectively "Removing Defendants"). Removing Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Richard Carrell, Patricia Becker, and Linda Leverette ("Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Removing Defendants must prove that there is omplete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

    The three plaintiffs allege claims for wrongful death on behalf of themselves and all other heirs of three individuals who allegedly died after using dialysis products manufactured and distributed by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1316 PA (VBKx) | Date | February 25, 2014 |
|---|---|---|---|
| Title | Richard Carrell, et al. v. Fresenius USA, Inc., et al. | | |

Removing Defendants. According to the Notice of Removal, Plaintiffs are citizens of California, Nevada, and Mississippi. Removing Defendants state that the corporate Fresenius defendants are citizens of Massachusetts, Delaware, and New York. Defendant Ben Lipps is a Citizen of Nevada. Defendant Walter Weisman, who did not join in the Notice of Removal, is a citizen of California. Removing Defendants assert in their Notice of Removal that the Court should ignore the citizenship of Walter Weisman for purposes of removal because, according to them, he was fraudulently joined to defeat diversity. Removing Defendants also contend that the Court should also sever the claims alleged by Patricia Becker, the plaintiff who is allegedly a Nevada citizen, because she was allegedly fraudulently joined to defeat the diversity that would otherwise exist because of the presence of Mr. Lipps as a defendant.

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

Here, Removing Defendants argue that the citizenship of the Nevada plaintiff and California defendant should be ignored for diversity purposes based on fraudulent misjoinder. In order for Plaintiffs to join their claims into a single action, the claims must (1) arise out of "the same transaction, occurrence, or series of transactions or occurrences;" and (2) contain "any question of law or fact common to all" plaintiffs. Fed. R. Civ. P. 20(a). Removing Defendants cite to an unpublished Ninth Circuit decision, Cal. Dump Truck Owners Ass'n v. Cummins Engine Co., 24 F. App'x 727 (9th Cir. 2001), in support of the doctrine of fraudulent misjoinder. According to the Ninth Circuit's unpublished decision, "this circuit has not addressed the issue of 'fraudulent' or 'egregious' joinder of plaintiffs for the purpose of defeating diversity jurisdiction in the federal courts." Id. at 792. In its decision, the Ninth Circuit cited to Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. Ala. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action."), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000); In re Rezulin Prods. Liab. Litig., 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1316 PA (VBKx) | Date | February 25, 2014 |
|---|---|---|---|
| Title | Richard Carrell, et al. v. Fresenius USA, Inc., et al. | | |

The Eleventh Circuit further stated, "[w]e do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." Tapscott, 77 F.3d at 1360.

     Several district courts "have criticized Tapscott, arguing that questions of joinder under state law do not implicate federal subject matter jurisdiction, federal jurisdiction is to be narrowly construed, and the fraudulent misjoinder doctrine has created an unpredictable and complex jurisdictional rule." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 621-22 (8th Cir. 2010) (citing cases); see also In re Yasmin & Yaz Mktg., Sales Pracs. & Prods. Liab. Litig., 779 F. Supp. 2d 846, 854-55 (S.D. Ill. 2011) (citing cases). "Many of these courts also opine that the better approach is for parties to seek severance in state court prior to removal." Id. at 855; see also Caouette, 2012 U.S. Dist. LEXIS at 28-33. The Ninth Circuit's decision in Cal. Dump Truck Owners Ass'n is in accord with that approach. Indeed, in Cal Dump Truck Owners Ass'n, the Ninth Circuit reversed the district court's order denying a motion to remand and concluded that the removing defendants had failed to meet their burden to establish the removability of the action because "[g]iven California's liberal rules on amendment of pleadings, it is very possible that the state court would have granted plaintiffs leave to amend, allowing them to address the deficiencies the defendant manufacturers assert." Cal. Dump Truck Owners Ass'n, 24 F. App'x at 729-30.

     As in Cal. Dump Truck Owners Ass'n, the Court concludes that even if the Court were to adopt the doctrine of fraudulent misjoinder and conclude that plaintiffs' claims are not properly joined in this action, it is not clear that the joinder is egregious or grossly improper. See id. at 730 ("[T]he joinder of [the non-diverse plaintiff] was not so improper as to be considered egregious, thereby justifying ignoring [the non-diverse plaintiff's] presence in the case. The claims of all plaintiffs . . . involved the purchase [of the same product from] one of the defendant manufacturers. Therefore, there seems to be some connection or nexus between the claims of the non-diverse plaintiff and the claims of the diverse plaintiffs."); see also Tapscott, 77 F.3d at 1360; Prempro, 591 F.3d at 622-24 ("absent evidence that plaintiffs' misjoinder borders on a 'sham,' [the Court] decline[s] to apply Tapscott to the instant case"). Removing Defendants have failed to carry their heavy burden of persuasion to demonstrate that the plaintiffs' joinder is egregious or grossly improper. Thus, Removing Defendants have not met their burden to establish complete diversity of citizenship between the parties.

     Additionally, because Walter Weisman is a citizen of California, there is no complete diversity of citizenship. Furthermore, even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Although Removing Defendants acknowledge in their Notice of Removal that Mr. Weisman is a citizen of California, they maintain that his citizenship should be ignored because he has been fraudulently joined. Specifically, Removing Defendants contend that Mr. Weisman is fraudulently joined because the Complaint does not allege sufficient facts to state a claim against him. The Court finds that Removing Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiffs may prevail on any of their claims against Mr. Weisman. See Padilla, 697 F. Supp. 2d at 1159. While the Complaint's purported pleading deficiencies may make the allegations subject to demurrer, Removing Defendants have not established that there is no possibility of recovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1316 PA (VBKx) | Date | February 25, 2014 |
|---|---|---|---|
| Title | Richard Carrell, et al. v. Fresenius USA, Inc., et al. | | |

against Mr. Weisman and that the claims against him could not be cured through amendment. Accordingly, Removing Defendants have failed to meet their burden to demonstrate that Mr. Weisman is fraudulently joined.

      Finally, the Notice of Removal alleges that "Plaintiff Richard Carrell is, and Decedent Gina Fife was, a citizen of California. (Ex. A, Compl. ¶ 4-5.)  Plaintiff Patricia Becker is, and Decedent Dennis Becker was, a citizen of Nevada.  (Id. at ¶¶ 6-7.)  Plaintiff Linda Leverette is, and Decedent Norman Leverette was, a citizen of Mississippi.  (Id. at ¶¶ 8-9.)  As the Notice of Removal makes clear, however, Plaintiffs' Complaint only alleges Plaintiffs' residence.  (See Complaint, ¶¶ 4-9 (alleging that Decedents Fife and Leverette were "resident citizens" of their respective states, but only alleging the residence for plaintiffs Carrell, Becker, and Leverette and decedent Becker).)  Because an individual is not necessarily domiciled where he or she resides, Removing Defendant's allegations of Plaintiffs' citizenship, based on an allegation of residence, are insufficient to establish Plaintiffs' citizenship.  See Kanter v. Warner-Lambert Co., 265 F.3d at 857.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Removing Defendant's allegations of Plaintiffs' citizenship are insufficient to invoke this Court's diversity jurisdiction.

      For all of the foregoing reasons, the Court remands this action to the Los Angeles County Superior Court, Case No. BC531058, for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.